(37 Misc. Rep. 242.)

### In re GEORGI.

(Surrogate's Court, New York County. February, 1902.)

SURROGATE'S COURT—POWERS.

>     A surrogate has no express or implied authority to put a purchaser of
> lands, sold under a decree of the court to pay debts, in possession.

In the matter of the petition of Otto H. Georgi, administrator of Cossuth L. Georgi, to mortgage or sell the real estate of decedent to pay debts. Application by administrator for an order requiring a tenant to deliver up possession of certain premises to the administrator. Application denied.

See 60 N. Y. Supp. 772; 72 N. Y. Supp. 431.

Daniel Daly, for petitioner.

THOMAS, S. The application is for an order requiring a person in possession of premises sold under a decree made by this court to surrender possession to the purchaser. The person proceeded against entered into possession during the pendency of the proceeding in which the sale was directed, claiming as a tenant under a party to the proceeding, and the right of the purchaser to have full possession of what he has paid for quite fully appears. The difficulty is that no express power is given by any statute to this court to put a purchaser in possession, and no adjudged case can be found in which that power has been sustained as being implied. The cases concerning the general power of a court which lawfully directs a sale to enforce its decree by putting the purchaser into possession were all determined in the court of chancery or the supreme court in suits or actions where the general power of a court of equity existed. The leading case on this point is Kershaw v. Thompson, 4 Johns. Ch. 609, 613. In no case has it been held that a court can enforce a decree of sale made, not in an action, but in a special proceeding, by putting the purchaser into possession, in the absence of express statutory power. The inferences from the language of the court in Re New York Cent. & H. R. R. Co., 60 N. Y. 116, are directly the other way. The application must therefore be denied.

Application denied.